## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**BOBBY EARL WILSON, JR., MDOC #52274**                    **PETITIONER**

**VS.**                                        **CIVIL ACTION NO. 3:08-cv-339-HTW-LRA**

**UNITED STATES OF AMERICA and**
**CHRISTOPHER EPPS, COMMISSIONER OF MDOC**                    **RESPONDENTS**

### OPINION AND ORDER

This cause is before the court on the "Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody," docket no. 1, which was filed by Bobby Earl Wilson, Jr. ("Wilson").[1]  Wilson challenges his federal conviction for two counts of bank robbery in criminal cause number 5:09cr13-DCB.  He pled guilty on June 15, 1999, and received a sentence of 70 months with three years supervised release on each count, to run concurrently.  This conviction was later used to enhance his state court sentence for bank robbery entered on a conviction in the Circuit Court of Warren County, Mississippi on November 20, 2004.[2]

After reviewing the pleadings, and the applicable law, the Court finds that Wilson's current motion should not be considered as one seeking relief under 28 U.S.C. § 2241.  As recognized by the United States Court of Appeals for the Fifth Circuit, "[a] section 2255 motion ... 'provides the primary means of collateral attack on a federal sentence.'  Relief under section 2255 is warranted for errors cognizable on collateral review that occurred 'at or prior to

---

[1] As Wilson is proceeding *pro se*, the allegations in his pleadings have been liberally construed.  *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

[2] The full procedural history of this case is accurately set forth in the Answer filed by the United States, docket no. 14, pp. 1-3, and will not be repeated herein.

sentencing.'" *Pack v. Yusuff*, 418 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)).  Although Wilson attempts to phrase the relief requested as though he challenges the manner in which his federal sentence is being carried out, he concedes that he is also challenging "equally its validity."[3]

Wilson's challenges to his guilty pleas in this court have already been considered and rejected by District Judge David Bramlette in *United States v. Wilson*, 2007 U.S. Dist. LEXIS 94710 (S.D. Miss. Dec. 26, 2007) at *4.   *See* Exhibit 1 to Answer, docket no. 14.  Judge Bramlette analyzed his claims under both § 2255 and § 2241 and  rejected the claims based upon the custody requirements of § 2255 and § 2241(c) and upon the merits of Wilson's claims.[4] Wilson appealed, and the Fifth Circuit Court of Appeals denied a certificate of appealability on June 5, 2008.  *United States v. Wilson*, No. 08-60135  (5th Cir.  Nov. 21, 2008) (Exhibit 2 to Answer, docket entry no. 14) (finding that Wilson failed to make a substantial showing of the denial of a constitutional right).

Wilson now presents essentially the same arguments to attack his guilty plea convictions in this court.  He attempts to phrase the claims as challenging the manner in which his sentence is being executed in order for his present motion to be construed as a petition for habeas corpus relief under 28 U.S.C. § 2241.  *See e.g. Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005)(instructing that Section 28 U.S.C. § 2241 "is the proper procedural vehicle in which to

---

[3]The United States has adeptly summarized Wilson's claims in its Answer, docket no. 14, pp. 4-5.

[4]The court herein finds it unnecessary to reconsider the "in custody" arguments and makes no further ruling in this regard.

raise an attack on 'the manner in which a sentence is executed.'"); *Pack*, 218 F.3d at 451 ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration.").

The court concludes that Wilson's petition is actually an attack of the underlying convictions and must be construed as a motion under 28 U.S.C. §2255. Wilson is attempting to avoid the statute of limitations and the successive petition prohibitions which apply with § 2255. He concedes this fact but asserts that § 2255 is an ineffective and inadequate remedy; therefore, he should be allowed to proceed under the savings clause contained in § 2241. Yet, the mere inability to satisfy the procedural requirements of § 2255 does not give rise to a right to proceed under § 2241. *Pack*, 218 F.3d at 452-53. The exceptions are infrequent, and rarely do courts find §2255 to be ineffective. Only when the Suspension Clause would be found to be violated without permitting § 2241 relief, or where a prisoner makes a valid claim of actual innocence, is the savings clause applied. *Id.* at 453. Wilson's guilty plea negates any actual innocence claim, and the court finds that Wilson is not entitled to the relief provided by the § 2241 savings clause under his circumstances.

The court finds that the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) bar Wilson's petition. A "second or successive motion must be certified ... by a panel of the appropriate court of appeals to contain ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. *United States v. Carter*, 117 F.3d 262, 264 (5th Cir. 1997). Because Wilson has not obtained permission to file a successive § 2255 motion, this

court lacks jurisdiction to review the current petition he purports to file under § 2241.

Alternatively, the court has considered the merits of Wilson's allegations wherein he seeks to challenge the Government's contention that his federal supervised release ended on March 24, 2007, the date of expiration of his three-year period of supervised release. Wilson was released by the Bureau of Prisons on the federal bank robbery convictions on March 24, 2004. In less than a week, on March 30, 2004, he was arrested by the Warren County Sheriff's Department for a new bank robbery. The United States filed a revocation petition on April 12, 2004, and an arrest warrant was issued by this court on April 13, 2004. Because of the state proceedings, the United States later requested to withdraw its revocation petition. This court ordered the withdrawal of the petition and the recall of the arrest warrant on March 3, 2005. No other federal warrant was issued, and Wilson's supervised release was never revoked. The United States asserts that Wilson's federal sentence completely terminated upon the expiration of his three-year period of supervised release, or by March 24, 2007.

Now Wilson appears to argue that his Due Process rights under the United States Constitution were violated because the United States did not revoke his three-year supervised release following his arrest, conviction, and sentencing for the Warren County bank robbery. The court rejects this assertion as frivolous on its face. He argues that he was misled by this federal court regarding the consequences of his guilty plea. Seemingly, and incredibly, Wilson believes that this federal court should have warned him that the crimes to which he plead guilty might be used to enhance a later sentence if he robbed another bank. And, that if this court did not "enforce" the terms of its sentence, by revoking the supervised release portion, his guilty plea

4

would be involuntary and void.  He attempts to phrase these claims in the context of § 2241 by asserting that he attacks how the sentence is being "carried out."

The court finds Wilson's allegations to be baseless and unsupported by any law.  He has not set forth a plausible underlying factual basis to support his claim that his guilty pleas were involuntary or unknowingly made; he has not set forth a factual basis to claim he was innocent of these crimes to which he pled guilty.   For these reasons, Wilson's petition shall be denied on its merits.

IT IS THEREFORE ORDERED that Wilson's petition filed pursuant to 28 U.S.C. § 2241, ECF No. 1, is hereby denied.

SO ORDERED this the 29th day of September, 2011.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE


Civil Action No. 3:08-cv-339-HTW-LRA
Opinion and Order

5